CHAPPELL, trustee, etc., vs. HAWKINS.

1. C., alleging himself to be trustee for S. L. and her nine children, pe-
titioned the Judge of the Superior Court and alleged that one S. H.,
an attorney of that Court, had in his hands the sum of $3,300 00, to
which he, as trustee, claimed title. The attorney answered, etc.:
*Held*, That the petition was properly dismissed. The applicant, not
averring that the attorney had collected or held the money as his agent
or attorney, or by what right he claimed the money or possession
thereof. That the remedy was by bill in equity.

Petition in Chancery, from Webster county.    Decided by
Judge KIDDOO, September Term, 1859.

Joseph Chappell, as trustee for Susan Lingo and her chil-
dren, filed his petition, alleging that Samuel Hawkins, an at-
torney of said Court, had in his hands the sum of $3,300 00,
which belonged to petitioner's *cestui que trusts*, and praying
that said money be paid over to him accordingly.

The defendant answered that in June, 1859, the sum of
money in question was paid to him by Charles J. Reynolds,
with the understanding between Joseph J. Chappell and Lit-
tleberry L. Causey, that said fund should be disposed of, or
paid over to one or the other of said parties—Chappell or
Causey—as certain arbitrators by them chosen should de-
termine.    The time was set for the arbitration, but for some
cause the arbitration was abandoned.    The money was paid
on a note held by Causey as agent or attorney, in fact, for
Taliaferro Lingo.

Counsel for defendant, on the hearing, demurred and ob-
jected to the said proceedings; and the said demurrer was
sustained by the Court, and the cause ordered to be dismissed.
Counsel for petitioner excepted thereto and assigned the same
as error.

W. A. HAWKINS, for plaintiff in error.

WORRILL and SMITH, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

The application of the plaintiff in error was properly. dismissed by the Court. The petition did not show that the defendant had the money in his hands as her attorney or her agent; or by what right she claimed title to the money or the possession thereof.

If the facts stated by the defendant are true, as to his holding—and it is not denied—and the money does in fact belong to the plaintiff, or she has a *bona fide* claim or interest in the same, her proper remedy is by bill in equity, in which all the parties claiming an interest or title to the fund, should be brought before the Court, so that their respective claims may be adjudicated and settled, and the defendant, who is but a stakeholder protected by the decree.

Judgment affirmed.